IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff.<br><br>v.<br><br>HOWARD PURHAM,<br><br>    Defendant. | No. 12-30019<br>Hon. Sue E. Myerscough ,<br>United States District Judge,<br>Presiding |

## MOTION TO WITHDRAW AS COUNSEL

COMES NOW court-appointed counsel for Howard Purham, Thomas W. Patton, Federal Public Defender, moving this Honorable Court for an Order allowing counsel to withdraw, and in support thereof states as follows:

1.    Pursuant to Administrative Order 14-MC-1051, this Court appointed undersigned counsel to represent the Defendant on Defendant's request for a reduced sentence pursuant to Amendment 782 to the United States Sentencing Guidelines.

2.    Undersigned counsel has thoroughly reviewed the Defendant's case and concluded that he is ineligible for a reduction because Amendment 782 does not lower his guideline range. The Defendant pled guilty to conspiracy to distribute controlled substances (count 1). At sentencing the Defendant was held accountable for 840 grams of crack cocaine resulting in a base offense level of 34. (SOR sec. VIII) The Defendant received a 2-level enhancement for making threats of violence, a 2-level enhancement for utilizing several houses for the sole purpose of distributing crack, a 3-level enhancement for having a leadership role in

the conspiracy, a 2-level enhancement for using a minor, and a 2-level enhancement for obstruction of justice, resulting in a total offense level of 45. *Id*. As the Sentencing Table only goes up to offense level 43, the Defendant's total offense level became 43. *Id*. An offense level 43 and criminal history category of I resulted in a guideline range of life imprisonment. The Court imposed a sentence of 240 months of imprisonment. Applying Amendment 782 to the Defendant's case reduces the base offense level from 34 to 32. This reduces the Defendant's total offense level from 45 to 43. An offense level of 43 coupled with a criminal history category of I results in a guideline range of life imprisonment. Accordingly, the Defendant's sentencing range has not been lowered by Amendment 782. Title 18 U.S.C. § 3582(c)(2) only authorizes a sentencing reduction "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." As the Defendant's sentencing range has not been lowered, he is ineligible for a reduction in his sentence.

3. Because undersigned counsel has concluded that the Defendant is ineligible to receive a reduction in his sentence, counsel cannot file an amended petition on the Defendant's behalf, and requests that he be allowed to withdraw as counsel and that the Defendant be allowed to proceed in this matter *pro se*.

WHEREFORE, undersigned counsel respectfully requests that this Honorable Court enter and order allowing undersigned counsel to withdraw and allowing the Defendant to proceed *pro se*.

Respectfully Submitted,

BY:   s/ Thomas W. Patton
       THOMAS W. PATTON
       Attorney for Defendant
       Federal Public Defender
       PA ID No. 88653
       401 Main Street, Suite 1500
       Peoria, Illinois 61602
       Phone: 309/671-7891
       Fax: (309) 671-7898
       E-mail: Thomas_Patton@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Assistant United States Attorney Bradley W. Murphy. A copy of the foregoing was also mailed to the Defendant.

       s/ Thomas W. Patton
       THOMAS W. PATTON
       Attorney for Defendant
       Federal Public Defender
       PA ID No. 88653
       401 Main Street, Suite 1500
       Peoria, Illinois 61602
       Phone: 309/671-7891
       Fax: (309) 671-7898
       E-mail: Thomas_Patton@fd.org