IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:12-cr-30019 |
| ) | |
| HOWARD PURHAM, ) | |
| ) | |
| Defendant. ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Defendant Howard Purham has filed a letter that has been docketed as a Motion to Reduce Sentence (d/e 126), as well as a Motion for Reduction of Sentence that has been docketed as a Notice of Compliance (d/e 138). Purham seeks a sentence reduction under Amendment 782 to the U.S. Sentencing Guidelines. For the reasons below, the motions (d/e 126, 138) are DENIED.

I.  **Background**

On August 22, 2013, Defendant Howard Purham was sentenced for his crime of conspiring to distribute crack cocaine and heroin.  Purham's sentencing guideline range under the U.S. Sentencing Guidelines was life imprisonment, but the Court sentenced Purham to 240 months in prison.  The Court imposed a sentence below Purham's guideline range to avoid unwarranted sentencing disparities among defendants under U.S.C. § 3553(a)(6).  The Court cited the 18:1 sentencing disparity between crack cocaine and powder cocaine offenses that existed at the time and "reject[ed] the 18:1 crack to powder disparity in the sentencing guidelines" as "lead[ing] to unreasonable results."  (Statement of Reasons, d/e 69 at 3.)  See Kimbrough v. United States, 552 U.S. 85, 111 (2007) (no abuse of discretion where district court determined that Section 3553(a) factors supported below-guidelines sentence due to crack-powder disparity).

On August 10, 2015, Purham sent a letter to the Federal Public Defender's office asking about his eligibility for a sentence reduction under Amendment 782 to the U.S. Sentencing Guidelines.  Amendment 782 retroactively reduced most drug

quantity base offense levels by two levels, altering the sentencing guidelines range calculation for many criminal defendants and opening the door for their sentences to be reduced.  The Clerk of the Court received a copy of Purham's letter and docketed the letter as a Motion to Reduce Sentence (d/e 126).

The Court appointed the Federal Public Defender's office to represent Purham with respect to his implicit request for a sentence reduction.  (See August 17, 2015 text order.)  On December 7, 2015, the Federal Public Defender filed a Motion to Withdraw (d/e 137) on the ground that Purham is not eligible for a sentence reduction because, both with and without Amendment 782, Purham's sentencing guideline range is life imprisonment.

The Court granted the Federal Public Defender's Motion to Withdraw.  The Court directed Purham to file, if he so chose, a pleading either (a) conceding that he is ineligible for a sentence reduction under Amendment 782; or (b) explaining why he is eligible for a sentence reduction under Amendment 782 despite the fact that, with or without Amendment 782, his sentencing guideline range is life imprisonment.  (See December 8, 2015 text order.)

On January 11, 2016, Purham filed a Motion for Reduction of Sentence (d/e 138), which was docketed as a Notice of Compliance with the Court's text order. In that motion, Purham argues that the Court should grant his request for a sentence reduction.

## II. Discussion

### A. The Court cannot reduce Purham's sentence because Purham's sentence was not based on a sentencing range that has been lowered by the U.S. Sentencing Commission.

Congress has authorized the Court to modify a defendant's prison sentence if: (1) the original sentence was "based on a sentencing range that has been subsequently lowered by the Sentencing Commission"; and (2) a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). As the plain language of Section 3582(c)(2) indicates, the provision "applies only to a limited class of prisoners—namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission." Dillon v. United States, 560 U.S. 817, 825-26 (2010). The court cannot reduce a sentence if an amendment to the sentencing guidelines "does not have the effect of lowering the defendant's applicable

guidelines range." United States v. Freeman, 586 Fed.Appx. 237, 239 (7th Cir. 2014) (unpublished) (citing U.S.S.G. § 1B1.10 cmt. nt. 1(A)).

Here, Purham's base offense level was 34 due to the 840 grams of crack cocaine for which he was held accountable at sentencing.  Purham then received a 2-level enhancement for making threats of violence, a 2-level enhancement for utilizing several houses for the sole purpose of distributing crack, a 3-level enhancement for having a leadership role in the conspiracy, a 2-level enhancement for recruiting a minor, and a 2-level enhancement for obstruction of justice.  Altogether, Purham's total offense level was 45.  But because 43 is the highest offense level on the Sentencing Table, Purham's total offense level became 43.

With a total offense level of 43 and a criminal history category of I, Purham's guideline range was life imprisonment.  Nevertheless, the Court sentenced Purham to 240 months in prison to avoid unwarranted sentencing disparities due to the 18:1 crack-to-powder ratio mentioned above.

Under Amendment 782, Purham's base offense level today would be 32 instead of 34.  Factor in Purham's various

enhancements, and his total offense level would become 43 instead of 45.  Of course, a total offense level of 43 is the same total offense level that ultimately applied to Purham, as his total offense level of 45 was reduced to 43 to align with the maximum total offense level contemplated by the Sentencing Table.  But in any event, Purham's "revised" total offense level of 43 and criminal history category of I would today still result in a guideline range of life imprisonment.  Thus, Purham's sentencing range has not been lowered by Amendment 782, and Purham is ineligible for a sentence reduction.

> **B.    Purham's applicable guideline range did not change when the Court imposed a sentence below Purham's guideline range.**

Purham agrees that his base offense level at sentencing was 34, and that after the enhancements his guideline range was life imprisonment.  But, Purham says, "that was under the 18 to 1 ratio"—the ratio the Court explicitly rejected in imposing a 240-month sentence (d/e 138 at 2).  The Court's decision to sentence Purham "to the 1 to 1 ratio," Purham says, gave Purham "a new base offense level and a new … guideline range"—specifically a base offense level of 37 and a guideline range of 210-to-262 months (d/e 138 at 2).  Thus, Purham says, his initial guideline range of life

imprisonment is irrelevant, because the Court disregarded it. And under Amendment 782, Purham argues, his base offense level drops from 37 to 35, yielding a sentencing range of 168-to-210 months—well below the 240-month sentence that the Court imposed.

Essentially, Purham argues that he would be ineligible for a sentence reduction if he <u>had</u> received a sentence of life imprisonment, but that, because he received a below-guidelines sentence of 240 months, which he says lowered his guideline range, he is now eligible for a reduction under Amendment 782.

However, eligibility for a Section 3582(c)(2) sentence reduction is triggered only by an amendment lowering the defendant's "applicable guideline range," which the commentary to the policy statement governing Section 3582(c)(2) proceedings defines as the guideline range that corresponds to the defendant's offense level and criminal history category as determined "<u>before</u> consideration of any departure … or any variance." U.S.S.G. § 1B1.10, cmt. nt. 1(A) (emphasis added). Here, Purham's total offense level of 43 and criminal history category of I yielded an applicable guideline range of life imprisonment. The fact that the Court imposed a sentence

below Purham's guideline range to avoid unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6) does not affect Purham's applicable guideline range.  See United States v. Guyton, 636 F.3d 316, 319 (7th Cir. 2011) (Section 1B1.10 "assumes that 'the applicable guideline range' is the range established before a district court decides to depart or vary downward …. The provision in subsection (b)(2)(B) makes little sense if the departure itself is treated as providing the applicable 'range.'"); United States v. Brown, No. 10 CR 888, 2015 U.S. Dist. LEXIS 88854, *2 (N.D. Ill. July 8, 2015) (defendant's below-guidelines sentence pursuant to 18 U.S.C. § 3553(a) "does not alter the fact that Defendant was subject to a guideline range that has not been changed"); United States v. Edmond, No. 15 C 3566, 2015 U.S. Dist. LEXIS 151428, *14 (N.D. Ill. Nov. 9, 2015) (defendant who received below-guideline sentence under 18 U.S.C. § 3553(a) was not entitled to sentence reduction under Amendment 782 because Amendment 782 did not reduce his guideline range).

### C. Purham's good behavior in prison does not authorize the Court to reduce his sentence.

Purham represents that since he has been in prison he has not received a single incident report, he has not gotten into any fights with any inmates, and he has not had any confrontations with any correctional officers. He adds that he obtained a G.E.D. within 5 months of entering his G.E.D. class, completed a Bureau of Prisons program on rehabilitation and values enhancement, completed a drug education class, received an "ACE" certificate and a parenting certificate, and is currently waiting to enroll in college courses.

The Court is pleased to learn that Purham has made productive use of his term of imprisonment. And the Court sympathizes with the plight of the drug offender who watches other drug offenders receive sentence reductions, while he himself is deemed ineligible. But the fact remains that, while Congress has taken action to allow sentence reductions for defendants sentenced based on guideline ranges subsequently lowered by the Sentencing Commission, a defendant whose sentence was not based on a range lowered by the Sentencing Commission remains ineligible for a

reduction. The Court has no inherent authority to grant requests for sentence reductions; statutory authorization from Congress is required. Although motions to reconsider criminal sentences were once generally "accepted as a common-law practice," Congress "long ago abrogated this common-law practice in the sentencing context." United States v. Townsend, 762 F.3d 641, 645 (7th Cir. 2014).

Because Purham was not sentenced based on a sentencing range subsequently lowered by the Sentencing Commission, the Court lacks authority to grant his request for a sentence reduction. Under 18 U.S.C. § 3582(c), the Court may not modify an imposed term of imprisonment except in three narrow circumstances. Subsection 3582(c)(1)(A) authorizes the Court to reduce a sentence when the Director of the Bureau of Prisons files a motion seeking that relief, if the Court finds that the defendant meets certain criteria. Subsection 3582(c)(1)(B) authorizes the Court to modify a sentence if "expressly permitted by statute" or by Federal Rule of Criminal Procedure 35. And Subsection 3582(c)(2) authorizes the Court to reduce a sentence if the defendant's term of imprisonment was based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission. None of the

circumstances contemplated by Section 3582(c) exists in Purham's case.

## III. Conclusion

Congress has authorized the Court to reduce a defendant's sentence if the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Purham's sentencing range of life imprisonment has not been lowered by the Sentencing Commission. Because of this, Purham is not eligible for a sentence reduction so his request for a sentence reduction (d/e 126, 138) is DENIED. The Clerk of the Court is DIRECTED to prepare an AO 247 order reflecting that Defendant Howard Purham's request for a reduction was denied.

ENTERED: February 18, 2016

FOR THE COURT:         s/ Sue E. Myerscough
                                    SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE