# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 12-30019-02 |
| ) | |
| **HOWARD PURHAM,** ) | |
| ) | |
| **Defendant.** ) | |

### OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Howard Purham's Motion for Compassionate Release (d/e 184). Defendant argues that early release from custody is warranted because of alleged errors at sentencing. However, under binding Seventh Circuit precedent, such errors may not be rectified by way of a compassionate release motion. United States v. Consuegra-Rojas, No. 21-2606, 2022 WL 356375, at *2 (7th Cir. Feb 7, 2022) (citing United States v. Martin, 21 F.4th 944, 946 (7th Cir. 2021)). Therefore, Defendant's Motion (d/e 184) must be denied.

Defendant Howard Purham was sentenced on August 22, 2013 after pleading guilty to conspiring to distribute a controlled

substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. The Court calculated Defendant's advisory guideline range as life. See (d/e 69). After noting the unwarranted 18:1 crack to powder disparity in sentencing calculations and in an effort to avoid unwarranted sentencing disparities, the Court sentenced Defendant to 240 months' imprisonment. Id. According to the Bureau of Prisons, Defendant's scheduled release date is April 19, 2029.

On August 29, 2022, Defendant filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (d/e 184). Under that statute, a court may, after a Defendant has exhausted administrative remedies, "reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) . . . if [the court] finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). "Only after finding an extraordinary and compelling reason for release need the [Court] . . . consider any applicable sentencing factors in § 3553(a).'" United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) (quoting United States v. Thacker, 4 F.4th 569, 576 (7th Cir. 2021).

As an initial matter, the parties do not contest that Defendant has exhausted his administrative remedies by filing a request for compassionate release with the warden at USP Thompson, where he is in custody, over 30 days ago which has not been responded to. Defendant offers two extraordinary and compelling reasons warranting early release from custody. Defendant argues that his 240-month sentence was based on a drug quantity weight, at least 280 grams of crack cocaine but less than 840 grams, that was not sufficiently detailed in the Presentence Investigation Report. Defendant also argues that he should be afforded compassionate release to avoid unwarranted sentencing disparities between other similarly situated defendants.

However, Defendant's arguments are foreclosed by Seventh Circuit precedent. Defendant's drug weight argument was addressed at sentencing and overruled because the drug estimate was reasonable and based on testimony and other evidence permissible under United States v. Martin, 287 F.3d 609, 616 (7th Cir. 2002). The Court also noted that Defendant admitted to such drug quantities in pleading guilty to conspiring to distribute at least 280 grams of crack cocaine. Reraising the arguments made at

sentencing would have been procedurally appropriate on appeal, but "the compassionate release statute" under which Defendant now moves "cannot be used to challenge a sentence on grounds the defendant could have advanced on direct appeal." United States v. Brock, 39 F.4th 462, 465 (7th Cir. 2022).

The same is true for Defendant's unwarranted sentencing disparities argument. The Court considered the 18:1 crack to powder sentencing disparities when fashioning Defendant's 240-month sentence. That the Court did not vary further from the advisory guideline range of life is not an extraordinary and compelling circumstance warranting a sentence reduction. See United States v. King, 40 F.4th 594, 594–96 (7th Cir. 2022) ("There's nothing 'extraordinary' about . . . a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255.")

Defendant Purham has not identified an extraordinary and compelling reason to justify a sentence reduction. His Motion for the same (d/e 184) must, therefore, be denied. The Court reaches

this conclusion without considering the sentencing factors set forth in 18 U.S.C. 3553.

**IT IS SO ORDERED.**
**ENTERED: October 6, 2022.**
**FOR THE COURT**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**